# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00363-CV

**Texas Department of Family and Protective Services, Appellant**

**v.**

**Brilliant Starts Learning Academy, L.L.C., Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2015-0676B, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services appeals from the grant of a temporary injunction that allows Brilliant Starts Learning Academy, L.L.C., to operate its daycare pending its challenge to the Department's revocation of appellee's license. The Department contends that the trial court did not make the finding required to support an injunction under a relevant statute. We will affirm.

Finding that a Brilliant Starts employee had assaulted children at the daycare and that appellee's owners were indicted on felony charges of failure to report child abuse, the Department closed the daycare for thirty days. The trial court granted Brilliant Starts a temporary restraining order permitting it to operate pending the resolution of the case and later denied the Department's motion to dissolve the TRO. The Department then revoked Brilliant Starts's license, but the trial court granted a TRO and a temporary injunction allowing Brilliant Starts to operate pending its appeal of the Department's revocation of its license. The court found that the daycare did not pose a risk to the children, but imposed the following requirement on Brilliant Starts:

It is also ordered that the Plaintiff shall designate a person as a consultant, not related to any of the controlling persons nor a current employee of plaintiff who shall be allowed access to all records, including digital video recordings, to ensure there is not a health or safety risk to the children in the future. The person designated shall report any violations discovered to the [Department] and the Court.

The Department filed this appeal.

We review a trial court's grant of a temporary injunction for an abuse of discretion, *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g), but review its construction of controlling law de novo. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). In construing a statute, our objective is to determine and give effect to the legislature's intent, looking first to the "'plain and common meaning of the statute's words.'" *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *see also* Tex. Gov't Code § 312.005. If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning. *Gonzalez*, 82 S.W.3d at 327.

The Department contends that the trial court failed to make a finding consistent with the following statute:

A person may continue to operate a facility or family home during an appeal of a license, listing, or registration revocation *unless the operation of the facility or family home poses a risk to the health or safety of children. . . .* A person who has been notified by the department that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. **The court may grant injunctive relief against the department's action only if the court finds that the child-care operation does not pose a health or safety risk to children.**

Tex. Hum. Res. Code § 42.072(e) (emphases added). The Department does not otherwise challenge the issuance of the injunction.

2

The trial court made the following finding: "The Court finds that the plaintiff does not pose a health or safety risk to children." The trial court held several hearings at which several witnesses testified. Although the Department revoked the daycare's license and the grand jury indicted two of the owners for failure to report child abuse, the trial court determined that Brilliant Starts does not pose a health or safety risk to children. That finding tracks the language of and satisfies the requirement of Human Resources Code section 42.072(e).

The Department argues that the court's requirement that Brilliant Starts hire a consultant to monitor the daycare shows that the trial court did not mean what it found. But, despite requiring that Brilliant Starts hire a consultant "to ensure there is not a health or safety risk to the children in the future," the trial court did not qualify or withdraw its finding that the plaintiff does not pose a health or safety risk to the children, nor did it find that danger or future danger exists. The statute does not prohibit putting such a condition on an injunction, nor does it dictate that such a condition negates the trial court's express finding that Brilliant Starts does not pose a health or safety risk to the children.

Because the Department has not demonstrated an abuse of discretion in the granting of the injunction, we affirm.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: December 11, 2015

3